1 | JONES & MAYER
Michael R. Capizzi, Bar No. 035864
2 | Krista MacNevin Jee, Esq., Bar No. 198650
3777 North Harbor Boulevard
3 | Fullerton, California 92835
Telephone: (714) 446-1400
4 | Facsimile: (714) 446-1448

5 | Attorneys for Defendants City of Fullerton, Tom Conklin,
Mike Chlebowski, Mario Magliano, and Matt Malone
6 |

7 |

8 |                     **UNITED STATES DISTRICT COURT**

9 |          **CENTRAL DISTRICT OF CALIFORNIA, CENTRAL DISTRICT**

10 |

| | |
|---|---|
| HIRSHAM YOUSEF RASHID, | Case No. SACV07- 1085 AG (RNBx) |
| Plaintiffs, | **ANSWER OF DEFENDANTS CITY OF FULLERTON,TOM CONKLIN, MIKE CHLEBOWSKI, MARIO MAGLIANO, MATT MALONE TO PLAINTIFF'S COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL RIGHTS (42 U.S.C. § 1981, 1983, 1985 AND 1986) FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE OF PERSON AND PROPERTY, FOURTEENTH AMENDMENT TO BE FREE FROM THE UNLAWFUL DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW, FOURTTENTH [SIC] AMENDMENT RIGHT TO EQUAL PROTECTION OF THE LAWS AND CALIFORNIA STATE LAW CLAIMS FOR CLAIM AND DELIVERY, REPLEVIN, AND DETINUE** |
| v. | |
| CITY OF FULLERTON, NATHANIEL BOOTH, TOM CONKLIN,MIKE CHLEBOWSKI, MARIO MAGLIANO, MATT MALONE, COUNTY OF LOS ANGELES, RONALD ERNEST GOUDY, JAVIER BELTRAN AND DOES 1 through 10, inclusive, | |
| Defendants. | |

25 |       Answering Defendants, and each of them, (referred to collectively, altogether or as a

26 | subset, as "Defendants") City of Fullerton (referred to individually as "City"); Tom Conklin

27 | (referred to individually as "Conklin"); Mike Chlebowski (referred to individually as

28 | "Chlebowski"); Mario Magliano (referred to individually as "Magliano"); and Matt Malone

1  (referred to individually as "Malone") respectfully answer Plaintiff's Complaint for Damages

2  for Violation of Federal Rights (42 U.S.C. § 1981, 1983, 1985 and 1986) Fourth Amendment

3  Right to Be Free from Unreasonable Search and Seizure of Person and Property, Fourteenth

4  Amendment to Be Free from the Unlawful Deprivation of Property Without Due Process of

5  Law, Fourttenth [Sic] Amendment Right to Equal Protection of the Laws and California State

6  Law Claims for Claim and Delivery, Replevin, and Detinue as follows:

7  **JURISDICTIONAL ALLEGATIONS**

8      1.    Defendants admit generally that jurisdiction is conferred on this Court pursuant

9  to the United States Code, but have insufficient information to either admit or deny, and on

10  that basis deny, that this Court has jurisdiction over this action, including supplemental

11  jurisdiction. Except as specifically admitted or denied herein, Defendants deny any and all

12  remaining allegations in paragraph one.

13      2.    Defendants deny that the claims alleged by Plaintiff arose at all or that Plaintiff

14  is not barred from bringing such claims, but admit that venue would be proper as to alleged

15  acts, events, violations or omissions that are alleged to have occurred within the County of

16  Orange or the County of Los Angeles. Except as specifically admitted or denied herein,

17  Defendants deny any and all remaining allegations in paragraph two.

18      3.    Defendants admit generally that jurisdiction is conferred on this Court pursuant

19  to the United States Code for supplemental claim jurisdiction, but have insufficient

20  information to either admit or deny, and on that basis deny, that this Court has supplemental

21  claim jurisdiction over Plaintiff's claims under California state law. Except as specifically

22  admitted or denied herein, Defendants deny any and all remaining allegations in paragraph

23  three.

24  **GENERAL ALLEGATIONS**

25      4.    Defendants are informed and believe that Plaintiff Hisham Yousef Rashid is a

26  natural person who, at all times relevant to Plaintiff's Complaint, resided in the City of La

27  Mirada, State of California, and on the basis of that information and belief, admit such facts.

28  Except as specifically admitted or denied herein, Defendants deny any and all remaining

2

1    allegations in paragraph four.

2         5.    Defendants admit the allegations in paragraph five.

3         6.    Defendants admit the allegations in paragraph six.

4         7.    Defendants are informed and believe that Defendant Tom Conklin was, at all

5    times relevant to Plaintiff's Complaint, acting in the course and scope of his employment with

6    the City of Fullerton's Police Department, and on the basis of that information and belief,

7    admit such facts.  Defendants admit the remaining allegations in paragraph seven.

8         8.    Defendants are informed and believe that Defendant Mike Chlebowski was, at

9    all times relevant to Plaintiff's Complaint, acting in the course and scope of his employment

10   with the City of Fullerton's Police Department, and on the basis of that information and belief,

11   admit such facts.  Defendants deny that Mike Chlebowski was, at any relevant time, a police

12   offficer or employee of the County of Orange.  Except as expressly admitted or denied herein,

13   Defendants admit the remaining allegations in paragraph eight.

14        9.    Defendants are informed and believe that Defendant Mario Magliano was, at all

15   times relevant to Plaintiff's Complaint, acting in the course and scope of his employment with

16   the City of Fullerton's Police Department, and on the basis of that information and belief,

17   admit such facts. Defendants admit the remaining allegations in paragraph nine.

18        10.   Defendants are informed and believe that Defendant Matt Malone was, at all

19   times relevant to Plaintiff's Complaint, acting in the course and scope of his employment with

20   the City of Fullerton's Police Department, and on the basis of that information and belief,

21   admit such facts.  Defendants admit the remaining allegations in paragraph ten.

22        11.   Defendant deny each and every allegation in paragraph ten.

23        12.   Defendants are informed and believe, and based upon that information and belief

24   admit, the allegations in paragraph twelve.

25        13.   Defendants have insufficient information to either admit or deny the allegations

26   in paragraph thirteen, and, on that basis, deny the allegations in paragraph thirteen.

27        14.   Defendants have insufficient information to either admit or deny the allegations

28   in paragraph fourteen, and on that basis, deny each and every one of the allegations in

3

1  paragraph fourteen.

2      15.    Defendants have insufficient information to either admit or deny the allegations

3  in paragraph fifteen, and on that basis, deny each and every one of the allegations in paragraph

4  fifteen.

5      16.    Defendants have insufficient information to either admit or deny the allegations

6  in paragraph sixteen, and on that basis, deny each and every one of the allegations in

7  paragraph sixteen.

8      17.    This paragraph contains no allegations and so there are no allegations for

9  Defendants to either admit or deny.

10      18.    Defendants have insufficient information to either admit or deny the allegations

11  in paragraph eighteen, and on that basis, deny each and every one of the allegations in

12  paragraph eighteen.

13      19.    Defendants have insufficient information to either admit or deny the allegations

14  in paragraph nineteen, and on that basis, deny each and every one of the allegations in

15  paragraph nineteen.

16      20.    Defendants have insufficient information to either admit or deny the allegations

17  in paragraph twenty, and on that basis, deny each and every one of the allegations in paragraph

18  twenty.

19      21.    Defendants have insufficient information to either admit or deny the allegations

20  in paragraph twenty-one, and on that basis, deny each and every one of the allegations in

21  paragraph twenty-one.

22      22.    Defendants have insufficient information to either admit or deny the allegations

23  in paragraph twenty-two, and on that basis, deny each and every one of the allegations in

24  paragraph twenty-two.

25      23.    This paragraph contains no allegations and so there are no allegations for

26  Defendants to either admit or deny.

27      24.    Defendants have insufficient information to either admit or deny the allegations

28  in paragraph twenty-four, and on that basis, deny each and every one of the allegations in

1  paragraph twenty-four.

2       25.    Defendants have insufficient information to either admit or deny the allegations

3  in paragraph twenty-five, and on that basis, deny each and every one of the allegations in

4  paragraph twenty-five.

5       26.    Defendants deny each and every one of the allegations of paragraph twenty-six.

6       27.    Defendants deny each and every one of the allegations of paragraph twenty-

7  seven.

8       28.    Defendants deny each and every one of the allegations of paragraph twenty-

9  eight.

10      29.    Defendants deny each and every one of the allegations of paragraph twenty-nine.

11                          **FIRST CAUSE OF ACTION**

12                       **VIOLATION OF 42 U.S.C. § 1983**

13      30.    Defendants admit and/or deny or do not answer the allegations contained in

14  paragraphs one through twenty-nine as set forth above, and incorporated herein by reference.

15      31.    Defendants deny each and every one of the allegations of paragraph thirty-one.

16      32.    Defendants admit that affidavits in support of a search warrant request were

17  submitted to Judge Robbins on or about September 13, 2004.  Except as expressly admitted

18  herein, Defendants deny each and every one of the remaining allegations of paragraph thirty-

19  two.

20      33.    Defendants deny each and every one of the allegations of paragraph thirty-three.

21      34.    Defendants admit that a search warrant was executed on or about September 15,

22  2004, at plaintiff's residence at 12841 Spindlewood Drive, La Mirada, Los Angeles County,

23  California.  Except as specifically admitted herein, Defendants deny each and every one of the

24  remaining allegations in paragraph thirty-four.

25      35.    Defendants admit that a search warrant was executed on or about September 15,

26  2004, at plaintiff's business, Rashid Check Cashing, at 14419 Telegraph Road, Whittier, Los

27  Angeles County, California.  Except as specifically admitted herein, Defendants deny each and

28  every one of the remaining allegations in paragraph thirty-five.

36.     Defendants are informed and believe, and on that basis admit, that a seizure notice for funds held at the Rowland Heights Branch of the Wilshire State Bank was served on or about September 15, 2004.  Except as specifically admitted herein, Defendants deny each and every one of the remaining allegations in paragraph thirty-six.

37.     Defendants are informed and believe, and on that basis admit, the allegations in paragraph thirty-seven.

38.     Defendants are informed and believe, and on that basis admit the allegations in paragraph thirty-eight.

39.     Defendants are informed and believe, and on that basis admit the allegations in paragraph thirty-nine.

40.     Defendants are informed and believe, and on that basis admit the allegations in paragraph forty.

41.     Defendants are informed and believe, and on that basis admit the allegations in paragraph forty-one.

42.     Defendants are informed and believe, and on that basis admit the allegations in paragraph forty-two.

43.     Defendants are informed and believe, and on that basis admit the allegations in paragraph forty-three.

44.     Defendants are informed and believe, and on that basis admit the allegations in paragraph forty-four.

45.     Defendants are informed and believe, and on that basis admit, that a seizure notice for funds held at the Union Bank was served on or about September 15, 2004.  Except as specifically admitted herein, Defendants deny each and every one of the remaining allegations in paragraph thirty-six.

46.     Defendants are informed and believe, and on that basis admit the allegations in paragraph forty-six.

47.     Defendants are informed and believe, and on that basis admit the allegations in paragraph forty-seven, except to the extent there is any implied allegation that any gold

6

1   removed from Plaintiff's residence on or about September 15, 2004 was not during execution

2   of the search warrant or pursuant thereto, which Defendants specifically deny.

3         48.   Defendants are informed and believe, and on that basis admit that a seizure

4   notice was served on the Rowland Heights Branch of the Wilshire State Bank on or about

5   September 30, 2004. Except as specifically admitted herein, Defendants deny each and every

6   one of the remaining allegations in paragraph forty-eight.

7         49.   Defendants are informed and believe, and on that basis admit that a seizure

8   notice was served on the Hanmi Bank on or about September 30, 2004. Except as specifically

9   admitted herein, Defendants deny each and every one of the remaining allegations in

10   paragraph

11         50.   Defendants deny each and every one of the allegations of paragraph fifty.

12         51.   Defendants are informed and believe, and on that basis admit that personal

13   property was seized pursuant to warrant on or about September 15, 2004 from Plaintiff's

14   business and home. Except as specifically admitted herein, Defendants deny each and every

15   one of the remaining allegations in paragraph fifty-one.

16         52.   Defendants admit that criminal allegations were filed in the specified action in

17   the Orange County Superior Court, against individuals that were allegedly involved in the

18   criminal activity that was the subject and/or basis of the search warrant executed on or about

19   September 15, 2004. Except as specifically admitted herein, Defendants deny each and every

20   one of the remaining allegations in paragraph fifty-two.

21         53.   Defendants admit that Plaintiff's brother, Adnan Yousef did plead guilty to

22   certain charges brought against him in connection with the search warrant executed on or

23   about September 15, 2004. Except as specifically admitted herein, Defendants deny each and

24   every one of the remaining allegations in paragraph fifty-three.

25         54.   Defendants deny each and every one of the allegations of paragraph fifty-four.

26         55.   Defendants deny each and every one of the allegations of paragraph fifty-five.

27         56.   Defendants deny each and every one of the allegations of paragraph fifty-six.

28         57.   Defendants deny each and every one of the allegations of paragraph fifty-seven.

58.   Defendants deny each and every one of the allegations of paragraph fifty-eight.

59.   Defendants deny each and every one of the allegations of paragraph fifty-nine.

60.   Defendants deny each and every one of the allegations of paragraph sixty.

61.   Defendants deny each and every one of the allegations of paragraph sixty-one.

62.   Defendants deny each and every one of the allegations of paragraph sixty-two.

## SECOND CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. § 1983

63.   Defendants admit and/or deny or do not answer the allegations contained in paragraphs one through sixty-two as set forth above, and incorporated herein by reference.

64.   Defendants deny each and every one of the allegations of paragraph sixty-four.

65.   Defendants deny each and every one of the allegations of paragraph sixty-five.

66.   Defendants have insufficient information to admit or deny, and on that basis deny, all of the allegations in paragraph sixty-six.

67.   Defendants have insufficient information to admit or deny, and on that basis deny, all of the allegations in paragraph sixty-seven.

68.   Defendants deny each and every one of the allegations of paragraph sixty-eight.

69.   Defendants deny each and every one of the allegations of paragraph sixty-nine.

70.   Defendants deny each and every one of the allegations of paragraph seventy.

71.   Defendants deny each and every one of the allegations of paragraph seventy-one

72.   Defendants deny each and every one of the allegations of paragraph seventy-two.

## THIRD CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. § 1981 AND 1985

73.   Defendants admit and/or deny or do not answer the allegations contained in paragraphs one through seventy-two as set forth above, and incorporated herein by reference.

74.   Defendants deny each and every one of the allegations of paragraph seventy-four.

75.   Defendants deny each and every one of the allegations of paragraph seventy-five.

8

1    76.   Defendants deny each and every one of the allegations of paragraph seventy-six.

2    77.   Defendants deny each and every one of the allegations of paragraph seventy-

3    seven.

4    78.   Defendants deny each and every one of the allegations of paragraph seventy-

5    eight.

6                       **FOURTH CAUSE OF ACTION**

7    **CALIFORNIA STATE LAW CLAIM FOR CLAIM AND DELIVERY OF SPECIFIC**

8                  **PROPERTY IN THE NATURE OF REPLEVIN**

9    79.   Defendants admit and/or deny or do not answer the allegations contained in

10   paragraphs one through seventy-eight as set forth above, and incorporated herein by reference.

11   80.   Defendants deny each and every one of the allegations of paragraph eighty.

12   81.   Defendants deny each and every one of the allegations of paragraph eighty-one.

13   82.   Defendants deny each and every one of the allegations of paragraph eighty-two.

14   83.   Defendants deny each and every one of the allegations of paragraph eighty-three.

15                        **FIFTH CAUSE OF ACTION**

16   **CALIFORNIA STATE LAW CLAIM FOR CLAIM AND DELIVERY OF SPECIFIC**

17                  **PROPERTY IN THE NATURE OF DETINUE**

18   84.   Defendants admit and/or deny or do not answer the allegations contained in

19   paragraphs one through eighty-three as set forth above, and incorporated herein by reference.

20   85.   Defendants deny each and every one of the allegations of paragraph eighty-five.

21   86.   Defendants deny each and every one of the allegations of paragraph eighty-six.

22   87.   Defendants deny each and every one of the allegations of paragraph eighty-

23   seven.

24   88.   Defendants deny each and every one of the allegations of paragraph eighty-eight.

25   89.   Defendants further deny specifically that Plaintiff is entitled to any damages in

26   any amount whatsoever or that Plaintiff suffered any damages in any amount or at all, and that

27   Plaintiff is not entitled to the relief sought in his prayer.

28   ///

9

1
## AFFIRMATIVE DEFENSES

2     Defendants also assert all of the following affirmative defenses and reserve their right

3 to assert any additional affirmative defenses that may become known or evident to them

4 subsequently based on facts or discovery revealed or evident to them throughout the conduct

5 of litigation:

6
## FIRST AFFIRMATIVE DEFENSE

7
(Failure to State Claim)

8     90.    Plaintiffs have failed to state facts sufficient to constitute a claim for relief.

9
## SECOND AFFIRMATIVE DEFENSE

10
(Lawful Conduct)

11     91.    Defendants assert that their conduct was at all times reasonable and lawful under

12 the circumstances.

13
## THIRD AFFIRMATIVE DEFENSE

14
(Proximate Cause)

15     92.    Any harm suffered by Plaintiff (which is expressly denied herein) was the direct

16 or proximate result of Plaintiff's own conduct or the conduct of others and not of any wrongful

17 or illegal conduct of Defendants.

18
## FOURTH AFFIRMATIVE DEFENSE

19
(Common Law Qualified Immunity from Suit)

20     93.    Defendants assert that they are shielded from liability by common law qualified

21 immunities.

22
## FIFTH AFFIRMATIVE DEFENSE

23
(State Law Qualified Immunity from Suit)

24     94.    Defendants assert that they are shielded by state law qualified immunities for

25 performance of discretionary functions.

26
## SIXTH AFFIRMATIVE DEFENSE

27
(No Violation of Clearly Established Constitutional Rights)

28     95.    Defendants assert that the acts Plaintiff alleges to have occurred did not violate

10

1  clearly established constitutional rights.

## SEVENTH AFFIRMATIVE DEFENSE

(Privilege)

96.    Any actions undertaken with regard to Plaintiff were privileged.

## EIGHTH AFFIRMATIVE DEFENSE

(No Damage)

97.    Defendants assert that Plaintiff has not suffered any damage and/or any reasonably certain damage.

## NINTH AFFIRMATIVE DEFENSE

(Waiver)

98.    Defendants assert that, as a matter of fact and law, Plaintiff has waived any and all claims relating to the damages alleged by them.

## TENTH AFFIRMATIVE DEFENSE

(Estoppel)

99.    Defendants assert that Plaintiff is estopped from claiming any recovery from Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

(Acting in Good Faith, No Violation of Law)

100.    Defendants assert that they acted in good faith and neither directly nor indirectly performed any acts whatsoever which would constitute a violation of any laws or regulations or a violation of any right or any duty owed to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

101.    Defendants assert that each and all of the purported causes of action asserted by Plaintiffs are barred by their failure to take actions to avoid and/or mitigate their damages, if any.

///

///

11

### THIRTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

102.   Defendants assert that Plaintiff's claims are barred by applicable statutes of limitations, including but not limited to 42 U.S.C. § 1986 and Cal. Civ. Proc. Code § 335.1.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Laches)

103.   Defendants assert that Plaintiff's claims are barred by laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Cannot recover for Rights of Others)

104.   Defendants assert that Plaintiff's claims are barred to the extent he seeks to enforce the rights, alleged violations of rights and damages suffered by others, including unidentified members of his family.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Complaint Uncertain)

105.   Each and all of the purported causes of action set forth in the Complaint are uncertain, ambiguous and unintelligible.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Probable Cause)

106.   That at all times herein, there existed probable cause to seek, issue, and execute a search warrant of Plaintiff's residence and business, as well as probable cause to seize items pursuant to the valid search warrant, and the actions of Defendants were at all times lawfully made in good faith by peace officers acting within the scope of their authority and with reasonable cause at the time of their actions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Reasonable and/or Exigent Circumstances)

107.   That at all times pertinent herein, Defendants were performing their duties in a reasonable manner consistent with the circumstances that emerged and existed at the time. In all manners, the actions of Defendants were reasonable and proper based upon the

circumstances and/or exigent circumstances that existed at the time.

### NINETEENTH AFFIRMATIVE DEFENSE

(Immunity)

108.   That pursuant to California Government Code § 821.6, Defendants are immune from liability for any alleged injury caused by their instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, even if they acted maliciously and without probable cause.

### TWENTIETH AFFIRMATIVE DEFENSE

(Contributory Negligence)

109.   That Plaintiff himself was negligent, and that negligence contributed as a proximate and legal cause to his injury and damages.  Recovery herein is therefore diminished and barred to the degree of that negligence.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Act or Omission of Other)

110.   A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Discretion)

111.   A public employee is not liable for an injury resulting from his act or omission where the act or omission was a result of the exercise of the discretion vested in him.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Assumption of Risk)

112.   To the extent that Plaintiff suffered any detriment, the risk of such detriment was assumed by Plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Qualified Immunity)

113.   That Defendant are officers and entitled to qualified immunity as they acted as reasonable officers and believed the issuance, execution of the search warrant, and seizures of

13

1    property pursuant to the valid search warrant were lawful in light of clearly established law

2    and information the officers possessed at the time of the issuance, execution and seizure and at

3    the time of their actions.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Discretionary Acts)

6        114.   That the acts of any of Defendants at all times mentioned herein were

7    discretionary acts.  Therefore, Defendants are immune from liability pursuant to law, including

8    but not limited to California Government Code sections 820.2 and 815.2.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(No Policy, Practice or Custom)

11       115.   That no policy, practice or custom of Defendants, or promulgated by any policy

12   maker of Defendants existed and/or served to deprive Plaintiff of his constitutional rights or

13   any other rights.

### DEMAND FOR JURY TRIAL

15       116.   Defendants hereby demand a jury trial.

### PRAYER AS TO COMPLAINT FOR DAMAGES

17       WHEREFORE, Answering Defendants pray as follows:

18       A.    That the action be dismissed in its entirety and/or that judgment be entered in

19   Answering Defendants' favor and against Plaintiff;

20       B.    That Answering Defendants be awarded costs incurred herein;

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

14

1    C.    That Answering Defendants be awarded attorneys' fees, based upon a finding

2  that this action is frivolous pursuant to law, including but not limited to 42 U.S.C. § 1988

3  and/or costs incurred herein;

4    D.    That Answering Defendants be awarded such other, further and/or different

5  relief as this Court may deem just, proper and equitable.

6  Dated: February 21, 2008                    JONES & MAYER

7

8                                              By
                                                  Krista MacNevin Jee
9                                                 Attorneys for Defendants, City of Fullerton,
                                                  Tom Conklin, Mike Chlebowski,
10                                                Mario Magliano, and Matt Malone

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28